UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicolethe N.M.S.,                                                    Civil No. 26-1406 (DWF/LIB)

          Petitioner,

v.
                                              ORDER

Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

          Respondents.

On February 18, 2026, the Court granted Petitioner Nicolethe N.M.S.'s petition for writ of habeas corpus and ordered Petitioner's immediate release. (Doc. No. 6 at 4-5.) The Court directed that Respondents release Petitioner "[w]ith all personal documents and belongings, such as her driver's license, passport, other immigration documents, and cell phone" and "[w]ithout any conditions on release, including but not limited to requiring Petitioner to sign an 'Order of Release on Recognizance' or requiring Petitioner to enroll and complete an 'Alternatives to Detention' program." (*Id.* at 5.)

Respondent filed a status report informing the Court that Petitioner has been released (Doc. No. 9), but Petitioner notified the Court that the release violated the Court's order (Doc. No. 10). First, Petitioner's passport was not returned to her and when her counsel went to collect it, he was informed that the passport is still in El Paso,

Texas. (*Id.* at 1-2; Doc. No. 11 ¶¶ 1-2.) Second, Petitioner signed an order of voluntary departure which imposed conditions on her release. (Doc. No. 10 at 2-3; Doc. No. 11 ¶ 3.) Her counsel contends that she signed under duress, after being subjected to extreme trauma during detention. (Doc. No. 10 at 2-3.) Petitioner now moves for an order enforcing the prior judgment and declaring the voluntary departure order void. (*Id.* at 3.)

The Court specifically declared that Petitioner's detention was unlawful and ordered that she be released with all documents and without conditions. Respondents violated that order by imposing conditions on Petitioner's release. It is improper to impose conditions on someone's release after they have been unlawfully detained. Respondents also violated the order by failing to return her passport. The Court therefore grants the motion, orders that these conditions be revoked by Respondents, and orders Respondents to return Petitioner's passport.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  The Court **GRANTS** Petitioner's motion to enforce judgment (Doc. No. [10]).

2.  Respondents are directed to revoke all conditions placed on Petitioner's release from unlawful detention.

3.  Respondents shall return Petitioner's passport to Minnesota and coordinate retrieval with her counsel.

4.  Respondents shall file a status report confirming that any and all conditions placed on Petitioner's release have been revoked and that her passport has been returned

3

to Petitioner or her counsel's custody, no later than 12:00 p.m. CT on March 6, 2026. Respondents must attach any documents that confirm the conditions were revoked.

5. If Respondents fail to timely file the status report, or fail to revoke the release conditions or return Petitioner's passport, the Court will issue an order to show cause why Respondents should not be held in contempt, and a contempt hearing will be scheduled.

Dated:  March 4, 2026                                  s/Donovan W. Frank
                                                                         DONOVAN W. FRANK
                                                                         United States District Judge